Judge Tucker.
The only question upon this record, is, whether the County Court ought to have admitted the evidence offered by the plaintiff to prove that Mr. Brooke, the defendants’ intestate, within twelve months before his death, assumed to pay to the plaintiff a balance of 63/. 15s. appearing to be due upon an account stated, and in which there Were credits for sundry payments to the amount of 93/. 18i. made by the intestate in his life-time, or whether that evidence was properly rejected by the Court, by whom all the items of the account which appear to have been due five years before the death of the intestate were expunged therefrom, according to the act concerning wills, &c. Rev. Code, vol. 1. p. 167. c. 92. sect. 56.
The same question occurred in the case of Fisher’s Executory. Duncan & Turnbull,(a) and Judge Fleming and myself then concurred in the opinion, that such evidence as that offered by the plaintiff ought not to have been rejected.
The opinion of this Court in Beale v. Edmundson,(b) I think strongly corroborates the other. I am therefore of opinion, that the County Court erred in rejecting the testimony and expunging the account, without hearing it, and that there is no error in the judgment of the District Court reversing that judgment. It may, however, be advisable to add to it a direction, that the County Court shall, on the new trial, admit the evidence formerly offered to be given, if the same shall be again offered to them..
Judge Roane.
The principal’item in the account bears date in 1787, and the act under which all the items of the account were expunged was not passed until the 13th of December, 1792.(c) In the case of Fisher s Executor v. Duncan & Turnbull,(d) I expressed it as my then opinion, *269 that that act did not apply to previously existing accounts, inasmuch as it would affect the rights of the parties by making it the imperious duty of the Court to bar the plaintiff by a defence which before only rested in the discretion of the ... . . . defendant. I still rather hold this opinion: but, as this ground of objection had been before disregarded by the Court in the case of Hoskins v. Wright,(a) and was again apparently disregarded by the two other Judges in Fisher’s Executor v. Duncan fix’ Turnbull, I can readily yield my impressions on this point, to these decisions ; and I will, therefore, consider this case as if every item in the account had arisen posterior to the passage of the act in question.
As to the question upon the merits, I entirely concur with the opinions of the two Judges as reported in Fisher’s Executor v. Duncan & Turnbull,(b) that the act of 1792 relates only to open accounts, and does not extend to exclude evidence of settlements or assumptions by testators within the time limited by the act. The reason and policy of this provision of the act does not require such a construction. In addition to these authorities, I beg leave to refer to the decision in the case of Beale v. Edmundson,(c) in an analogous case. The grounds of that decision seem fully to apply to this case, and to narrow the application of the act to eases depending upon the account, as exhibited, only, and do not interdict proof of settlements or assumptions of the debt within the time prescribed by the act.
As, therefore, the appellant offered to prove in the Court below, not only that the account exhibited “ wasjustly due,” but also that the intestate, about twelve months before his death, “ acknowledged that the balance claimed now by the “ plaintiff ofhis administrators was just,” the County Court erred in refusing to admit such testimony to be adduced ; and the judgment of the District Court, reversing the judgment of the County Court on that ground, is correct.

 1 Hen. & Munf. 574. 577.

 3 Call, 514.

 1 Rev. Code, vol. 1 p. 167. sect. 56.

 1 Hen. & Munf. 575

 1 Hen. & Munf. 377.

 1 Hen. & Munf. 574.

 3 Call, 514.